# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2014

Lyle W. Cayce
Clerk

No. 13-50364
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWIN RICARDO PERDOMO NOVA, also known as Roberto Fernandez, also known as David Avila Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2518-1

Before DAVIS, SOUTHWICK, AND HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Edwin Ricardo Perdomo Nova pleaded guilty to illegal reentry following a previous deportation and to improperly using the passport of another person to do so. Perdomo Nova argues that his 26-month within-guidelines sentence is unreasonable in that it was greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a). Relying on *Kimbrough v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States*, 552 U.S. 85, 109 (2007), Perdomo Nova contends that U.S.S.G. § 2L1.1 is flawed and not based on "'empirical data and national experience.'" As such, he argues that his within-guidelines sentence should not be afforded the presumption of reasonableness. He also contends that the flawed guideline results in an advisory sentencing range that overstates the seriousness of his offense. Perdomo Nova also argues that the guidelines do not take into consideration his history and personal characteristics, including his benign motive for returning to this country.

Perdomo Nova recognizes that *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), and *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008), foreclose his argument that because the guideline is not empirically grounded, the presumption of reasonableness should not be applied to a sentence calculated under § 2L1.1. He further recognizes that because he did not object to the reasonableness of his sentence before the district court, this court reviews his argument under the plain error standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court considered Perdomo Nova's arguments in mitigation of his sentence and expressed compassion and respect for Perdomo Nova's motive for returning to this country. It nevertheless deemed the 26-month within-guidelines sentence "appropriate to comply with the goals of the sentencing statute." Perdomo Nova does not offer any specific argument that the district court considered any irrelevant or improper factors or that it did not account for a factor that should receive significant weight. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Given the deference owed to the district court's sentence determination, *see Gall v. United States*, 552 U.S. 38, 51-52 (2007), Perdomo Nova's conclusional assertions that the district court

No. 13-50364

erred in balancing the § 3553(a) sentencing factors and that his sentence is unreasonable in light of those factors is insufficient to establish plain error and to rebut the presumption that the sentence is reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *Cooks*, 589 F.3d at 186. The district court's judgment is AFFIRMED.